# United States Court of Appeals for the Federal Circuit

03-1379

BROOKS FURNITURE MANUFACTURING, INC.,

Plaintiff-Appellee,

v.

DUTAILIER INTERNATIONAL, INC. and DUTAILIER, INC.,

Defendants-Appellants.

R. Bradford Brittian, Pitts & Brittian, P.C., of Knoxville, Tennessee, argued for plaintiff-appellee.  With him on the brief were Robert E. Pitts and Melinda L. Doss.

Kevin W. Goldstein, RatnerPrestia, of Valley Forge, Pennsylvania, argued for defendants-appellants.  With him on the brief were Kevin R. Casey and Jacques L. Etkowicz.

Appealed from:    United States District Court for the Eastern District of Tennessee

Judge Curtis L. Collier

# United States Court of Appeals for the Federal Circuit

03-1379

BROOKS FURNITURE MANUFACTURING, INC.,

Plaintiff-Appellee,

v.

DUTAILIER INTERNATIONAL, INC. AND DUTAILIER, INC.,

Defendants-Appellants.

_____

DECIDED:  January 4, 2005

_____

Before NEWMAN, LOURIE, and DYK, <u>Circuit Judges</u>.

NEWMAN, <u>Circuit Judge</u>.

Dutailier International, Inc. and Dutailier, Inc. (together "Dutailier"), appeal the decision of the United States District Court for the Eastern District of Tennessee[1] holding that Brooks' action for declaratory judgment that Dutailier's patent is invalid and not infringed constitutes an exceptional case and awarding attorney fees.  The award is vacated.

---

[1]     <u>Brooks Furniture Mfg., Inc. v. Dutailier Int'l, Inc.</u>, No. 3:00-CV-072 (E.D. Tenn. Apr. 3, 2003); Memorandum Opinion Dec. 18, 2001; Claim Construction Sept. 4, 2001.

BACKGROUND

Dutailier is the owner of United States Patent No. D417,983 ("the '983 patent"), a design patent for rocking chair trim, issued December 28, 1999. Brooks and Dutailier are both in the business of manufacturing rocking chairs. In January 2000 Dutailier sent Brooks a cease and desist letter, alleging infringement of the '983 patent and demanding an orderly withdrawal from the market and payment of royalties for past and interim infringement. In response, Brooks filed suit in the Eastern District of Tennessee seeking a declaratory judgment that it did not infringe the '983 patent and that the patent was invalid, along with claims of unfair competition and patent mismarking. Brooks alleged that the action was exceptional pursuant to 35 U.S.C. §285, 15 U.S.C. §1117, and Tennessee law, and requested attorney fees and litigation costs. Dutailier then sued Brooks in the District of Delaware, asserting patent infringement, Lanham Act and common law unfair competition, and deceptive trade practices under state consumer protection law. After an unsuccessful attempt to transfer the Tennessee case to Delaware, Dutailier dismissed the Delaware action and filed equivalent counterclaims in the Tennessee action.

The Tennessee district court granted Brooks' motion for summary judgment of noninfringement and denied as moot Brooks' motion for summary judgment of invalidity. By stipulated order, Brooks voluntarily dismissed its invalidity, patent mismarking, and Lanham Act claims, and Dutailier voluntarily dismissed its remaining counterclaims, leaving no outstanding issues and entering final judgment.

The district court granted Brooks' request for attorney fees, concluding that the circumstances of the case were exceptional. See 35 U.S.C. §285 ("The court in exceptional cases may award reasonable attorney fees to the prevailing party.") The

03-1379 2

district court held that Brooks had clearly prevailed on the infringement issue and was also a prevailing party to the extent that Dutailier's counterclaims had been dismissed by stipulated order. The court held that attorney fees were warranted under either the Patent or Lanham Acts, or pursuant to state consumer protection law. The court did not set the amount of the award, instead ordering the parties to submit papers and "confer in an effort to see if the amount of attorney fees can be agreed upon."

Dutailier attempted to appeal the attorney fees decision, but this court dismissed the appeal as not ripe since there was no specific award. On remand, the district court determined the amount of the fees and Dutailier re-appealed. Dutailier challenges only its liability for attorney fees, not the amount.

A

### *Procedural Matters*

Dutailier argues that the district court erred as a matter of law by placing on it the burden of proving its good faith, instead of placing on Brooks the burden of proving bad faith. Dutailier cites the court's repeated descriptions of the hearing to determine whether the case was exceptional as a "good faith hearing." See Memorandum Opinion (Dec. 18, 2001) ("out of an abundance of caution, the court conducted a hearing on the issue of defendants' good faith"). Dutailier also argues that the court failed to interpret the evidence in its favor as non-movant, as is required in granting a motion for summary judgment. See Fed. R. Civ. P. 56(c); Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

We do not share Dutailier's characterization of the district court's procedure. The district court received Brooks' evidence of asserted bad faith, and by "good faith hearing"

gave Dutailier an opportunity to respond to this evidence. The facts relevant to the exceptional case analysis were largely uncontroverted, and raised no Rule 56 issue: there was no factual dispute about the contents of the cease and desist letter, Dutailier's size and conduct in the marketplace, its litigation conduct, and the opinions of counsel and design experts upon which Dutailier relied. Although we conclude that the district court erred in its legal conclusion, as we shall discuss, the court did not commit procedural error or misplace the burden of proof.

**B**

***Prevailing Party***

Dutailier points out that many of Brooks' claims were dismissed by stipulation, and that the Dutailier patent remained valid; thus Dutailier argues that the district court erred in ruling that Brooks was the prevailing party.

Determination of the prevailing party is based on the relation of the litigation result to the overall objective of the litigation, and not on a count of the number of claims and defenses. See Texas State Teachers Ass'n v. Garland Independent School Dist., 489 U.S. 782, 789 (1989) ("'plaintiffs may be considered "prevailing parties" for attorney's fees purposes if they succeed on any significant issue in litigation which achieves some of the benefit the parties sought in bringing the suit.'") (quoting Hensley v. Eckerhart, 461 U.S. 424, 433 (1983)).

Dutailier accused Brooks of infringing its patent and demanded that Brooks cease producing the accused chairs. Brooks brought this declaratory action to preserve its position, and succeeded in doing so. Brooks raised several defenses to the charge of patent infringement, any of which would have achieved Brooks' goal. Thus when Brooks

established its non-infringement of the Dutailier patent, it prevailed in the litigation.  That other defenses, such as invalidity of the patent, were unsuccessful or withdrawn, does not change the outcome in Brooks' favor.  We agree with the district court that Brooks was the prevailing party.

**C**

***Exceptional Case***

A case may be deemed exceptional when there has been some material inappropriate conduct related to the matter in litigation, such as willful infringement, fraud or inequitable conduct in procuring the patent, misconduct during litigation, vexatious or unjustified litigation, conduct that violates Fed. R. Civ. P. 11, or like infractions.  See, e.g., Cambridge Prods. Ltd. v. Penn Nutrients Inc., 962 F.2d 1048, 1050-51 (Fed. Cir. 1992); Beckman Instruments, Inc., v. LKB Produkter AB, 892 F.2d 1547, 1551 (Fed. Cir. 1989).  Absent misconduct in conduct of the litigation or in securing the patent, sanctions may be imposed against the patentee only if both (1) the litigation is brought in subjective bad faith, and (2) the litigation is objectively baseless.  Professional Real Estate Investors v. Columbia Pictures Industries, 508 U.S. 49, 60-61 (1993); see also Forest Labs., Inc. v. Abbott Labs., 339 F.3d 1324, 1329-31 (Fed. Cir. 2003).  Since we conclude that the first requirement (subjective bad faith) is not satisfied here, we need not decide whether the second (objectively baseless) standard was met.[2]  That second inquiry does not depend on

---

[2]      See Globetrotter Software, Inc. v. Elan Computer Group, Inc., 362 F.3d 1367, 1377 (Fed. Cir. 2004) ("A plaintiff claiming that a patent holder has engaged in wrongful conduct by asserting claims of patent infringement must establish that the claims of infringement were objectively baseless."); Mikohn Gaming Corp. v. Acres Gaming, Inc., 165 F.3d 891, 897 (Fed. Cir. 1998) ("bad faith is not supported when the information is objectively accurate").

03-1379                                          5

the state of mind of the plaintiff at the time that the action was commenced, but rather requires an objective assessment of the merits.

There is a presumption that the assertion of infringement of a duly granted patent is made in good faith.  Springs Willow Fashions, LP v. Novo Indus., LP, 323 F.3d 989, 999 (Fed. Cir. 2003).  Thus, the underlying improper conduct and the characterization of the case as exceptional must be established by clear and convincing evidence.  Beckman, 892 F.2d at 1551.  Even for an exceptional case, the decision to award attorney fees and the amount thereof are within the district court's sound discretion.  See S.C. Johnson & Son, Inc. v. Carter-Wallace, Inc., 781 F.2d 198, 201 (Fed. Cir. 1986) (even an exceptional case does not require in all circumstances the award of attorney fees).

The district court found that Dutailier had acted in bad faith in sending the cease and desist letter and filing the Delaware suit against Brooks.  The court based its opinion largely, but not solely, on what it considered the frivolousness of the infringement claim. The court also considered the behavior of Dutailier in the marketplace and its policy of suing and acquiring its competitors, most of whom were significantly smaller than Dutailier and, according to the court, little able to afford to defend themselves.  Taken together, Brooks argues, these factors render the case exceptional.  We address each in turn.

**D**

*Infringement*

Dutailier states that it had a good faith belief in the strength of its infringement claim, and that it had conducted a thorough investigation of the accused chairs before sending Brooks the cease and desist letter and filing the infringement counterclaims.  Dutailier states that its investigation included analyses by its marketing staff and designers, followed

by infringement opinions by Canadian and United States patent attorneys, and then evaluations by two independent experts in the field of rocking chair design. All of the experts and attorneys that Dutailier consulted concluded that there was substantial similarity between the accused chairs and the design set forth in the '983 patent.

The district court did not find this activity adequate to establish a good faith belief that Brooks was infringing the '983 patent. The court began its infringement analysis by construing the scope of the '983 patent. It did this by describing in words the design shown in the drawings of the patent, and then reading the resulting verbal limitations on the accused chair. In reciting the differences between the '983 design and the accused chair, the court placed particular significance on the backward bulge in the rear edge of the upright trim. The court said:

> This court also previously determined that "[t]here can be no doubt that the contours of the rear surface of the rear element constitute limitations which cannot be ignored in determining the scope of the '983 patent. . . . The accused product's rearward element simply does not have a 'trailing edge descending in a gentle "s" curve, which is substantially parallel to the "s" curve of the forward edge, resulting in a slightly widened planar face, as the trailing edge descends to the base portion.' . . . The limitation requiring the gentle 's' curve on the trailing edge is not met by the accused chair. The limitation which requires the gentle 's' curve to be parallel to the 's' curve of the forward edge is not met. And, the limitation which requires that there be only a slight widening of the planar face is not met."

Brooks Furniture, Memorandum Opinion at 17, quoting claim construction of Sept. 4, 2001.

The court explained that design patents are entitled to almost no scope beyond the precise content of the patent drawings. Elmer v. ICC Fabricating, Inc., 67 F.3d 1571, 1577 (Fed. Cir. 1995). Applying this principle, the court concluded that no reasonable jury as the ordinary observer, and certainly no reasonable expert in chair design, would consider the accused chairs to be infringing. The court rejected Dutailier's argument that it reasonably

relied on opinions of counsel that there probably was infringement, as well as the opinions of its internal officers and outside design experts that the accused chair was substantially the same as that shown in the patent. The court referred to the infringement opinion by one of the patent attorneys Dutailier consulted, and stated that "at first glance, one might actually find this opinion to be reasonable, comprehensive and competent," and that the attorney "also adequately considered the prior art in this instance," that the attorney "detailed the components and embodiments" of the patent and application he was considering, and that he "provided a detailed review of the proper procedure one must follow in determining infringement, and then lengthy application of this procedure in comparing the Brooks and Town Square chairs to Dutailier's designs." Memorandum Op. at 11-14. The court concluded that the attorney "adequately analyzed the scope of the patent claims" and applied the test set forth in Gorham Mfg. Co. v. White, 81 U.S. (14 Wall.) 511 (1871) to the infringement question. Id. at 14-15. Nonetheless, the court held that "despite all of [the attorney's] thoroughness in his infringement review and in his comparison of the Brooks chair and the Dutailier chair, [he] has failed to address several of the most important aspects of this infringement action which, therefore, requires the court to find that his opinion of infringement is, in fact, unreasonable." Id. at 15. The court cited the differences in the two chair designs, in particular the "s" curve on the trailing edge of the upright member, as aspects of the infringement analysis that the attorney's opinion failed to consider. The court found that the opinion, and the opinions of the other experts Dutailier had consulted, were unreasonable in their conclusions, and thus that Dutailier's reliance on these opinions was also unreasonable. Such unreasonable reliance, the court held, established bad faith on Dutailier's part in instituting the conflict with Brooks.

On review, we do not share the view that the opinions of counsel and the opinions of the other experts were inadequate and their conclusions unreasonable. The legal criterion for infringement of a design patent is substantial identity, whereby "in the eye of an ordinary observer, giving such attention as a purchaser usually gives, two designs are substantially the same, if the resemblance is such as to deceive such an observer, inducing him to purchase one supposing it to be the other, the first one patented is infringed by the other." Gorham v. White, 81 U.S. at 528. In evaluating such resemblance, it is not necessary that every aspect of the designs be identical. See id. at 526-27 ("We are now prepared to inquire what is the true test of identity of design. Plainly, it must be sameness of appearance, and mere difference of lines in the drawing or sketch, a greater or smaller number of lines, or slight variances in configuration, if sufficient to change the effect upon the eye, will not destroy the substantial identity.")

The fact that an infringement opinion may not have mentioned every detail of the patented or the accused design does not necessarily render the opinion wrong or unreliable. The district court described the attorney's opinion as appearing to be "reasonable, comprehensive and competent." Such an opinion cannot be transformed into the opposite extreme of unreliability and incompetence, simply because the court reached a different conclusion on the merits of infringement. Bringing an infringement action does not become unreasonable in terms of '285 if the infringement can reasonably be disputed. Infringement is often difficult to determine, and a patentee's ultimately incorrect view of how a court will find does not of itself establish bad faith. The several opinions of counsel and other expert opinions obtained by Dutailier are not charged with having been obtained for specious "cosmetic" purposes, and their analysis of the designs is not unreasonable. We

conclude that there was not clear and convincing evidence of bad faith by Dutailier in charging Brooks with infringement and in pressing this charge in litigation.

E

***Other Conduct***

The district court supported its ruling that this was an exceptional case with several ancillary observations. For example, the court observed that one of the opinion letters was by an attorney in the same firm that conducted the litigation, the court concluding that this rendered it less reliable than an opinion by a completely unrelated attorney. The court also referred to the harsh terms of the cease and desist letter, which demanded withdrawal of the accused products from the marketplace, identification of the customers who had purchased them, and a response within two weeks. The court cited Dutailier's disinterest in granting Brooks a license. The court also looked to Dutailier's conduct with respect to other competitors, the lawsuits it filed against them, and the fact that it acquired one competitor after suing it. The court also observed that Dutailier was substantially larger than Brooks.

None of these facts supports the district court's conclusion that Dutailier acted in bad faith in asserting its patent. The substance and thoroughness of the legal opinions could support a reasonable belief that the patent was being infringed. A duly granted patent is a grant of the right to exclude all infringers, not just those of comparable size. See United States v. United States Steel Corp., 251 U.S. 417, 451 (1920) ("the law does not make mere size an offense"). The record states that while Dutailier enforces its patents, it sues its larger competitors as well as the smaller ones.

Patent rights are useful only if they can legally exclude others from the patented subject matter. That Dutailier is a larger company than Brooks, that it has sued others, and

that it was unwilling to grant a license, are not indicative of bad faith. Although the entirety of a patentee's conduct may be considered, enforcement of patent rights that are reasonably believed to be infringed does not entail special penalty when the patentee is unsuccessful. See generally National Presto Indus., Inc. v, West Bend Co., 76 F.3d 1185, 1197 (Fed. Cir. 1996) ("The trial judge's discretion in the award of attorney fees permits the judge to weigh intangible as well as tangible factors: the degree of culpability of the infringer, the closeness of the question, litigation behavior, and any other factors whereby fee shifting may serve as an instrument of justice.").

The finding that Dutailier acted in bad faith is reversed. Since this was material to the finding that this was an exceptional case, that finding is reversed, and the award of attorneys fees based thereon is vacated.

No costs.

<u>REVERSED; FEE AWARD VACATED</u>