MOORE, Circuit Judge,
with whom RADER, Chief Judge, and O’MALLEY, REYNA, and WALLACH, Circuit Judges, join, dissenting from the denial of the petition for rehearing en banc.
Our court system has well-defined roles: the trial court makes factual findings and the appellate court reviews those findings with deference to the expertise of the trial court. An exceptional case determination under 35 U.S.C. § 285 has traditionally been one of the questions of fact determined by the trial court that is reviewable only for clear error. Contrary to our precedent, the divided Highmark panel decided that a district court’s exceptional case finding — based on its determination that the infringement claims asserted at trial *1357 were objectively baseless — is entitled to no deference and should be reviewed de novo. Highmark, Inc. v. Allcare Health Mgmt. Sys., Inc., 687 F.3d 1300, 1309-10 (Fed.Cir.2012). Because Highmark deviates from precedent, invades the province of the fact finder, and establishes a review standard for exceptional case findings in patent cases that is squarely at odds with the highly deferential review adopted by every regional circuit and the Supreme Court in other areas of law, I dissent from the denial of rehearing en banc.
I.
Attorney fees may be awarded to the prevailing party in “exceptional cases.” 35 U.S.C. § 285. The exceptional nature of a case must be established by clear and convincing evidence. Brooks Furniture Mfg., Inc. v. Dutailier Int’l, Inc., 393 F.3d 1378, 1382 (Fed.Cir.2005). Absent misconduct in the litigation or in securing the patent, sanctions can be awarded “only if both (1) the litigation is brought in subjective bad faith, and (2) the litigation is objectively baseless.” Id. at 1381.
Until Highmark, it was well established that the exceptional case determination, including objective baselessness, was a question of fact, subject to review only for clear error. See, e.g., Cybor Corp. v. FAS Techs., Inc., 138 F.3d 1448, 1459 (Fed.Cir.1998) (en banc) (“[T]he district court must determine whether a case is exceptional, a factual determination reviewed for clear error.”); Eon-Net LP. v. Flagstar Bancorp., 653 F.3d 1314, 1323, 1326 (Fed.Cir.2011) (“[We] review the court’s exceptional case finding for clear error.... [T]he district court did not clearly err in finding that Eon-Net pursued objectively baseless infringement claims.”); ICU Med., Inc. v. Alaris Med. Sys., Inc., 558 F.3d 1368, 1380 (Fed.Cir.2009) (affirming the district court’s exceptional case finding because it did not clearly err by finding that certain claims were objectively baseless); Evident Corp. v. Church & Dwight Co., Inc., 399 F.3d 1310, 1315 (Fed.Cir.2005) (“Whether a case is exceptional depends on findings of fact best left to the trial court, which we consequently review for clear error.”). The Highmark majority is not free to disregard binding precedent on this point— the objectively baseless inquiry is a question of fact — and we should give the district court deference on appeal.
The Highmark decision relied, as did the Bard decision,[1] on Professional Real Estate Investors, Inc. v. Columbia Pictures Indus., Inc. (PRE), 508 U.S. 49, 113 S.Ct. 1920, 123 L.Ed.2d 611 (1993), to justify this new de novo, no deference, approach to objective reasonableness. See Highmark, 687 F.3d at 1310 n. 1; Bard, 682 F.3d at 1007-08. The Highmark majority believed that “The Supreme Court in Professional Real Estate held that objective baselessness in this context is an issue *1358 decided by the court as a matter of law.” Highmark, 687 F.3d at 1310 n. 1. With all due respect, it did not. Objective baselessness was not even at issue in Professional Real Estate. The parties conceded that the litigation was not objectively baseless. PRE, 508 U.S. at 54, 113 S.Ct. 1920; Columbia Pictures Indus., Inc. v. Prof'l Real Estate Investors, Inc., 944 F.2d 1525, 1530 (9th Cir.1991) (“PRE does not challenge the district court’s finding that the infringement action was brought with probable cause, i.e., that the suit was not baseless. Rather, PRE argues that the copyright infringement lawsuit is a sham because Columbia Pictures did not honestly believe that the infringement claim was meritorious.”). PRE argued to the Supreme Court that: “Lawsuits that are ‘not baseless’ may nevertheless fall within the sham exception where they are pursued with indifference to their outcome and for reasons such as directly to burden and harass a competitor and thereby unreasonably restrain competition.” Pet’r Br., PRE, 1992 WL 541279, at *13 (May 14, 1992). The Court rejected this contention: “We left unresolved the question presented by this case — whether litigation may be sham merely because a subjective expectation of success does not motivate the litigant. We now answer this question in the negative and hold that an objectively reasonable effort to litigate cannot be sham regardless of subjective intent.” PRE, 508 U.S. at 57, 113 S.Ct. 1920. The Supreme Court explained: “In sum, fidelity to precedent compels us to reject a purely subjective definition of ‘sham.’” Id. at 60, 113 S.Ct. 1920.
What the Supreme Court in Professional Real Estate did not say is that objective reasonableness or probable cause is always decided as a matter of law. The Court in Professional Real Estate could decide the issue of objective reasonableness as a matter of law was because there were no facts in dispute: “Where, as here, there is no dispute over the predicate facts of the underlying legal proceeding, a court may decide probable cause as a matter of law.” Id. at 63, 113 S.Ct. 1920 (emphasis added).[2] It is thus error to state: “The Supreme Court in Professional Real Estate held that objective reasonableness in this context is an issue decided by the court as a matter of law.” Highmark, 687 F.3d at 1310 n. 1. The Highmark majority’s interpretation of Professional Real Estate is at odds with numerous other courts that have held, pursuant to Professional Real Estate, that when predicate facts are in dispute, objective reasonableness cannot be decided as a matter of law.[3] Creating a unique *1359 standard for objective baselessness, applicable only to patent cases, is a misinterpretation of Professional Real Estate and is simply wrong.
II.
The question of whether something is “objectively baseless” is not unique to patent law or the Federal Circuit. In fact, there are many instances when a court must consider whether a litigant’s position is objectively baseless or objectively reasonable. And in those instances, the regional circuits and the Supreme Court have consistently held that deference should be given by the appellate court to the trial court’s conclusions.
Indeed, in Professional Real Estate, the Supreme Court analogized objective baselessness, or lack of probable cause, to the good cause standard of Federal Rule of Civil Procedure 11. See PRE, 508 U.S. at 65, 113 S.Ct. 1920. Under Rule 11, as with objective baselessness, the district court must determine whether a party’s position was objectively unreasonable. Cooter & Gell v. Hartmarx Corp., 496 U.S. 384, 393, 110 S.Ct. 2447, 110 L.Ed.2d 359 (1990); see also, e.g., Morris v. Wachovia Sec. Inc., 448 F.3d 268, 277 (4th Cir.2006).
In Cooter, the Supreme Court concluded that all aspects of a sanctions determination under Rule 11 should be reviewed on appeal under an abuse of discretion standard. 496 U.S. at 401, 110 S.Ct. 2447. The Court recognized that some variation in the application of a standard based on reasonableness, like Rule 11, is inevitable, but that the “district court is better situated than the court of appeals to marshal the pertinent facts and apply the fact-dependent legal standard mandated by Rule 11.” Id. at 402-03, 110 S.Ct. 2447. There is no way to reconcile our court’s de novo standard of review for objective baselessness in patent cases with Cooter and Professional Real Estate.
Not surprisingly, given the clear direction from the Supreme Court, the regional circuits are unanimous that the issue of objective reasonableness under Rule 11 is to be reviewed deferentially by the appellate courts.[4] I can divine no reason to create a rule unique to patent cases, to disregard such clear and wise precedent from our sister circuits, or to disregard the Supreme Court’s precedent in Cooter and Professional Real Estate.
The parallels to the Rule 11 inquiry are compelling, and in my view dispositive of how we should approach the “objective baselessness” inquiry. But Rule 11 is not the only situation in which courts confront objective reasonableness. For example, *1360 the Equal Access to Justice Act (EAJA) awards a prevailing party costs and attorney fees unless “the court finds that the position of the United States was substantially justified.” 28 U.S.C. § 2412(d)(1)(A). In Pierce v. Underwood, 487 U.S. 552, 108 S.Ct. 2541, 101 L.Ed.2d 490 (1988), the Supreme Court analyzed the EAJA fee-shifting provision and concluded that the “substantially justified” language means “justified to a degree that could satisfy a reasonable person,” which is “no different from the ‘reasonable basis both in law and fact’ formulation” adopted by the vast majority of the appellate courts having addressed the issue. 487 U.S. at 565, 108 S.Ct. 2541. As a result, the Court concluded that the issue should be reviewed under the' abuse of discretion standard. The Court reasoned that the district court was in the best position to make this determination:
[Djetermining whether mixed questions of law and fact are to be treated as questions of law or of fact for purposes of appellate review ... has turned on a determination that, as a matter of the sound administration of justice, one judicial actor is better positioned than another to decide the issue in question. We think that consideration relevant in the present context as well, and it argues in favor of deferential, abuse-ofdiseretion review. To begin with, some of the elements that bear upon whether the Government’s position was substantially justified may be known only to the district court. Not infrequently, the question will turn upon not merely what was the law, but what was the evidence regarding the facts. By reason of settlement conferences and other pretrial activities, the district court may have insights not conveyed by the record, into such matters as whether particular evidence was worthy of being relied upon, or whether critical facts could easily have been verified by the Government.
Pierce, 487 U.S. at 560, 108 S.Ct. 2541 (internal quotation marks and citations omitted).
The same can be said about the objectively baseless analysis in the exceptional case context. The district court is better situated to decide whether a litigation position was objectively baseless. Such a determination may turn on legal positions taken, on factual support for those positions, or both. The trial court is in the best position to make the requisite findings and weigh them accordingly. Like the EAJA determination, the district court’s objective baselessness findings should be given deference on appeal.
Regional circuits also consider whether a prevailing party is entitled to attorney fees under 28 U.S.C. § 1927. In a majority of circuits, the § 1927 inquiry is objective, just like § 285’s “objective baselessness.” See Jensen v. Phillips Screw Co., 546 F.3d 59, 64-65 (1st Cir.2008) (“In this circuit, courts use a mainly objective standard for the purpose of determining when a lawyer’s actions are unreasonable or vexatious .... This focus on objective measurement comports with the majority view across the circuits.” (citations to cases from the Sixth, Seventh, Eleventh, and Federal Circuits omitted)); Lee v. L.B. Sales, Inc., 177 F.3d 714, 718-19 (8th Cir.1999). In all regional circuits, regardless of whether the inquiry is objective or subjective, it is a question of fact that is reviewed with deference.[5]
*1361 Despite all of these parallel inquiries where the regional circuits and the Supreme Court have consistently held that the objective reasonableness finding is to be given deference on appeal, Highmark holds that our court should review this determination de novo. There is no reason a district court judge’s findings on objective reasonableness should be reviewed without deference (de novo) in patent cases, but given deference in all other areas of law. There is no justification in either law or logic for the departure that our court takes in Highmark.
III.
As Judge Mayer explained in his dissent, “the question of what constitutes reasonable conduct under varying circumstances is a quintessentially factual issue.” Highmark, 687 F.3d at 1321 (Mayer, J., dissenting). An objectively baseless lawsuit is one in which no reasonable litigant could reasonably expect success on the merits. PRE, 508 U.S. at 60, 113 S.Ct. 1920. The question is not whether the litigation or positions taken in litigation are actually meritorious but rather whether a reasonable person in similar circumstances would have expected any chance of success. Thus, whether a defendant’s anticipation defense is considered “objectively baseless” depends not on whether the defense is actually meritorious, but instead on whether a reasonable attorney would think the defense is completely meritless in light of the facts and circumstances relevant to the defense. District court judges live with these cases, often for many years. They are better situated to review the evidence, hear the testimony and evaluate the parties’ conduct, behavior, and positions in the litigation.[6] There *1362 is simply no reason to believe that we, as an appellate tribunal spending just thirty minutes with the attorneys and having a limited record and knowledge of the events taking place in the proceeding below, are in a better position than the trial judge to decide “objective baselessness.” Objective baselessness in the § 285 context, like Rule 11, the EAJA, and § 1927, involves fact issues decided by the district court judge that should be afforded deference on appeal.
IV.
We need to avoid the temptation to label everything legal and usurp the province of the fact finder with our manufactured de novo review. We have done it with claim construction, see Cybor, with willfulness, see Bard, and now with the exceptional case, see Highmark. When we convert factual issues, or mixed questions of law and fact, into legal ones for our de novo review, we undermine the uniformity and predictability goals this court was designed to advance.
This is not to say that these issues should be given to the jury. The Supreme Court held that claim construction is better decided by the district court judge. Markman v. Westview Instruments, Inc., 517 U.S. 370, 388, 116 S.Ct. 1384, 134 L.Ed.2d 577 (1996). This does not, however, morph a mixed question of law and fact into a pure legal question entitled to no deference on appeal. Stating that something is better decided by the judge is not the same as saying it is a matter of law. The same is true with the objectively baseless analysis in the willfulness context. We have concluded then when the analysis turns on purely legal issues, the judge not the jury should be the fact finder. Powell, 663 F.3d at 1236-37. This is logical. It does not, however, convert the issue into a legal one. For example, in deciding whether a defendant’s claim construction position is objectively baseless, the judge, not the jury, decides claim construction. The jury would not have heard the claim construction arguments; they are held in a Markman hearing outside the presence of the jury. In that circumstance, it makes no sense for the jury to decide whether arguments it never heard were objectively baseless. The judge is better suited to make this determination. That does not, however, make the inquiry purely legal entitled to no deference on appeal. Whether a district court’s claim construction is correct on the merits is significantly different from whether a litigant’s claim construction position is objectively baseless. Indeed, whether a party’s position— on claim construction, anticipation, obviousness, or otherwise — is objectively baseless involves consideration of not only the state of the law when the position was advanced, but also the underlying facts and circumstances forming the basis of the position. Objective baselessness is a finding that should be given deference by this court.
CONCLUSION
Highmark is contrary to Supreme Court precedent, contrary to the practice of the other circuits, and improperly shifts the decision-making balance between the trial and appellate courts. The Supreme Court reprimanded our court not so long ago for departing from the “long tradition of equity practice” and creating patent-law specific rules. It is clear from Highmark that our court has not learned this lesson. I dissent from the denial of en banc review in this case.

. The Highmark decision rests in significant part on Bard Peripheral Vascular, Inc. v. W.L. Gore & Assocs., Inc., 682 F.3d 1003, 1006-07 (Fed.Cir.2012), which held that objective recklessness in a willfulness determination under 35 U.S.C. § 284, "even though predicated on underlying mixed questions of law and fact, is best decided by the judge as a question of law subject to de novo review.” Until Bard, both before and after In re Seagate Tech., LLC, 497 F.3d 1360, 1371 (Fed.Cir.2007) (en banc), we reviewed the willfulness issue for clear error. See, e.g., Powell v. Home Depot U.S.A., Inc., 663 F.3d 1221, 1229 (Fed.Cir.2011) ("When the resolution of a particular issue or defense is a factual matter, however, whether reliance on that issue or defense was reasonable under the objective prong is properly considered by the jury.”). Bard’s holding that the objective prong "should always be decided as a matter of law by the judge” cannot be reconciled with Powell. Bard, 682 F.3d at 1006-07 (emphasis added). For reasons similar to those discussed below, this court should also revisit Bard en banc.

. This is not a particularly surprising approach. Courts often decide otherwise factual issues as a matter of law when the underlying facts are not in dispute. This is sometimes called summary judgment. See Fed.R.Civ.P. 56.

. See, e.g., Pers. Dep’t, Inc. v. Prof'l Staff Leasing Corp., 297 Fed.Appx. 773, 780 (10th Cir.2008) (unpublished) ("Supreme Court precedent [ (including Professional Real Estate) ] clearly contemplates that when genuine issues of material fact exist regarding a defendant’s probable cause to institute the underlying lawsuit, summary judgment [] is improper.”); In re Relafen Antitrust Litig., 346 F.Supp.2d 349, 361 (D.Mass.2004) ("Here, 'the facts tending to establish the existence or want of existence of probable cause' were disputed, rendering the question inappropriate for decision as matter of law.” (citation omitted)); New York Jets LLC v. Cablevision Sys. Corp., No. 05 Civ. 2875(HB), 2005 WL 3454652, at *2 (S.D.N.Y. Dec. 19, 2005) ("I cannot determine, as a matter of law, that [prior] actions were (or were not) objectively baseless”); In re Neurontin Antitrust Litig., Nos. 02-1830, 02-1731, 02-5583, 2009 WL 2751029, at *22 (D.N.J. Aug. 28, 2009) ("Furthermore, when the predicate facts of an allegedly sham lawsuit are disputed, sham litigation claims should not be decided by the court as a matter of law.”); EchoStar Satellite, L.L.C. v. Viewtech, Inc., No. 07-CV-1273, 2009 WL *1359 1668712, at *3 (S.D.Cal. May 27, 2009) (concluding that because the facts were disputed, the court could not determine as a matter of law "whether the litigation is objectively reasonable”).

. See, e.g., Whitehead v. Food Max of Miss., Inc., 332 F.3d 796, 802-03 (5th Cir.2003) (determining compliance with Rule 11 is "an objective, not subjective, standard of reasonableness under the circumstances” and concluding that the “district court is better situated than the court of appeals to marshal the pertinent facts and apply the fact-dependent legal standard mandated by Rule 11” (citation omitted)); see also CQ Int’l Co., Inc. v. Rochem Int’l, Inc., USA, 659 F.3d 53, 62-63 (1st Cir.2011); Star Mark Mgmt., Inc. v. Koon Chun Hing Kee Soy & Sauce Factory, Ltd., 682 F.3d 170, 177-78 (2d Cir.2012); In re Taylor, 655 F.3d 274, 282-83 (3d Cir.2011); Merritt v. Int’l Ass’n of Machinists & Aerospace Workers, 613 F.3d 609, 626-27 (6th Cir.2010); Ross v. City of Waukegan, 5 F.3d 1084, 1088-89 (7th Cir.1993); Clark v. United Parcel Serv., 460 F.3d 1004, 1010-11 (8th Cir.2006); G.C. & K.B. Invs., Inc. v. Wilson, 326 F.3d 1096, 1109 (9th Cir.2003); Dodd Ins. Servs., Inc. v. Royal Ins. Co. of Am., 935 F.2d 1152, 1155 (10th Cir.1991); Kaplan v. DaimlerChrysler, A.G., 331 F.3d 1251, 1255 (11th Cir.2003).

. See Jensen, 546 F.3d at 64-65; Gollomp v. Spitzer, 568 F.3d 355, 368 (2d Cir.2009); LaSalle Nat. Bank v. First Conn. Holding Grp., LLC XXIII, 287 F.3d 279, 288 (3d Cir.2002); Newport News Holdings Corp. v. Virtual City Vision, Inc., 650 F.3d 423, 443 (4th Cir.2011); Cambridge Toxicology Grp., Inc. v. Exnicios, 495 F.3d 169, 180 (5th Cir.2007); Braunstein *1361 v. Ariz. Dep’t of Transp., 683 F.3d 1177, 1184 (9th Cir.2012); Roth v. Green, 466 F.3d 1179, 1187 (10th Cir.2006).

. See Eon-Net, 653 F.3d at 1324 (“When reviewing an exceptional case finding for clear error, we are mindful that the district court has lived with the case and the lawyers for an extended period. Having only the briefs and the cold record, and with counsel appearing before us for only a short period of time, we are not in the position to second-guess the trial court’s judgment.”); Takeda Chem. Indus., Ltd. v. Mylan Labs., Inc., 549 F.3d 1381, 1391-92 (Fed.Cir.2008) (Bryson, J., concurring) (“A district judge who has lived with a case and the lawyers for an extended period ... is infinitely better situated than we are to ... assess whether the case should be treated as exceptional and whether fees should be awarded. Where the trial court applies the proper legal standards and conducts a thorough review of the circumstances bearing upon the section 285 inquiry, there is little room for a reviewing court to second-guess the trial court’s judgment.”); Thomas v. Capital Sec. Svcs., Inc., 836 F.2d 866, 873 (5th Cir.1988) ("The trial judge is in the best position to review the factual circumstances and render an informed judgment as he is intimately involved with the case, the litigants, and the attorneys on a daily basis.”); O'Connell v. Champion Int'l Corp., 812 F.2d 393, 395 (8th Cir.1987) ("This [Rule 11] determination ... rests upon and is informed by the District Court’s intimate familiarity with the case, parties, and counsel, a familiarity we cannot have. Such a determination deserves substantial deference from a reviewing court.”); Mendez-Aponte v. Bonilla, 645 F.3d 60, 68 (1st Cir.2011) ("We give deference to a district court’s decision to impose sanctions because it is in the best position to 'evaluate the circumstances surrounding an alleged violation and render an informed judgment.' ” (citation omitted)); Thompson v. Relation-Serve Media, Inc., 610 F.3d 628, 638 (11th Cir.2010) ("Given the district court’s familiarity with the case and the parties, the district court is in a better position ‘to make these [Rule 11] determinations in the first instance, explicitly and on the record.’ ”); Mars Steel Corp. v. Cont’l Bank N.A., 880 F.2d 928, 933 (7th Cir.1989) (en banc) ("Because the district courts have the best information about the patterns of their cases, they are in the best position to determine whether a legal position is far enough off the mark to be frivolous or whether an attorney conducted an adequate inquiry under the particular circumstances of a case.”).