NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**ICON HEALTH & FITNESS, INC.,**
*Plaintiff-Appellant,*

v.

**OCTANE FITNESS, LLC,**
*Defendant-Cross-Appellant.*

---

2011-1521, -1636

---

Appeals from the United States District Court for the District of Minnesota in No. 09-CV-0319-ADM-SER, Judge Ann D. Montgomery.

---

Decided: August 26, 2014

---

LARRY R. LAYCOCK, Maschoff Brennan Laycock Gilmore Israelsen & Wright, of Salt Lake City, Utah, for plaintiff-appellant. With him on the brief was DAVID R. WRIGHT.

RUDOLPH A. TELSCHER, JR., Harness Dickey & Pierce, PLC, of St. Louis, Missouri, for defendant-cross-appellant. With him on the brief was KARA R. FUSSNER.

---

Before NEWMAN, MAYER,[*] and LOURIE, *Circuit Judges.*

PER CURIAM.

This case has returned to us on remand from the Supreme Court of the United States. In its earlier appearance in this court, ICON Health & Fitness, Inc. ("ICON") appealed from the decision of the United States District Court for the District of Minnesota, which granted summary judgment that two families of elliptical machines sold by Octane Fitness, LLC ("Octane") did not infringe certain claims of ICON's U.S. Patent 6,019,710 (the "'710 patent") (Appeal No. 2011-1521). *ICON Health & Fitness, Inc. v. Octane Fitness, LLC*, No. 09-0319, 2011 WL 2457914 (D. Minn. June 17, 2011). Octane cross-appealed from the district court's denial of a motion to find the case exceptional and to award attorney fees pursuant to 35 U.S.C. § 285 (Appeal No. 2011-1636). *ICON Health & Fitness, Inc. v. Octane Fitness, LLC*, No. 09-0319, 2011 WL 3900975 (D. Minn. Sept. 6, 2011).

We affirmed on the merits, concluding that the district court did not err in its underlying claim construction or in granting summary judgment of noninfringement. *ICON Health & Fitness, Inc. v. Octane Fitness, LLC*, 496 F. App'x 57, 58 (Fed. Cir. 2012). On cross-appeal, we also affirmed the district court's denial of Octane's motion to find the case exceptional and to award attorney fees, declining at that time to revisit our standard for exceptionality first articulated in *Brooks Furniture Manufacturing, Inc. v. Dutailier International, Inc.*, 393 F.3d 1378 (Fed. Cir. 2005). *ICON*, 496 F. App'x at 65.

Octane filed a petition for writ of certiorari in the Supreme Court on the § 285 issue, which the Court granted.

---

[*] Pursuant to Fed. Cir. Rule 47.11, Circuit Judge Mayer has been designated to replace Circuit Judge Rader, now retired, on this panel.

*Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 571 U.S. __, 134 S. Ct. 49 (2013). Simultaneously with its decision in *Highmark Inc. v. Allcare Health Management System, Inc.*, 572 U.S. __, 134 S. Ct. 1744, 1749 (2014), which vacated our judgment in that case and changed the standard of review of a § 285 determination on appeal, the Court reversed this court's decision in Octane's cross-appeal, changed the standard for determination of an "exceptional case," and remanded for further proceedings consistent with its opinion. *Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 572 U.S. __, 134 S. Ct. 1749, 1758 (2014). Supreme Court review of the judgments on the merits with respect to claim construction and noninfringement was not requested, and those judgments remain undisturbed. *See ICON*, 496 F. App'x at 58–65.

However, in order for the district court to apply the Supreme Court's guidance from *Octane* and *Highmark* to the facts of this case, we vacate the district court's denial of Octane's motion to find the case exceptional and to award attorney fees, and remand for further consideration of the § 285 motion.

I

ICON owns the '710 patent directed to an elliptical machine that allows for adjustable stride length. ICON sued Octane, alleging that Octane's Q45 and Q47 elliptical machines infringed claims 1–5, 7, and 9–10 of the '710 patent. The district court granted Octane's motion for summary judgment, concluding that Octane's machines did not infringe the '710 patent either directly in view of the court's construction of certain claim limitations or under the doctrine of equivalents. *ICON*, 2011 WL 2457914, at *8–14.

Octane subsequently moved the district court to find the case exceptional under the "totality of the circumstances" and to award attorney fees under § 285. Def.'s Mem. Supp. Mot. Att'y Fees & Costs, No. 09-0319, 2011

WL 11734262 (D. Minn. July 18, 2011), J.A. 2633–34 (citing *Yamanouchi Pharm. Co. v. Danbury Pharmacal, Inc.*, 231 F.3d 1339, 1346–47 (Fed. Cir. 2000)). Octane argued that ICON's infringement action was objectively baseless because the district court had rejected ICON's purportedly frivolous contentions relating to the construction of certain means-plus-function claim limitations and infringement of Octane's accused elliptical machines. Octane asserted that ICON's allegations were "unreasonable and unsupportable" because the court's noninfringement determination "should have been a foregone conclusion to anyone who visually inspected its machines." *ICON*, 2011 WL 3900975, at *2 (citations omitted). Octane also argued that ICON's case was brought in subjective bad faith as supposedly evidenced by: (i) an e-mail exchange between two ICON sales executives suggesting that the litigation was undertaken as a matter of commercial strategy; and (ii) the fact that ICON is a larger company that never commercialized its '710 patent. *Id.* at *4.

The district court applied our then-authoritative test, which required Octane to show by clear and convincing evidence that ICON's claim was objectively baseless and brought in subjective bad faith. *See Brooks Furniture*, 393 F.3d at 1381–82. The court found both that "[t]his case is not exceptional, and an award of attorney's fees is not warranted." *ICON*, 2011 WL 3900975, at *4.

The court specifically determined that, although ultimately unsuccessful, ICON's rejected claim construction arguments and infringement contentions were not objectively baseless, frivolous, or unreasonable. *Id.* at *2–3. The court concluded that the claim construction issues were not easily resolved and stated that it did not agree with Octane that the conclusions relating to noninfringement were so easily reached and that it had no reason to doubt ICON's pre-suit investigation because "[t]he visible differences" between Octane's machines and the patented

invention "did not make it unreasonable to rely on testing and expert opinions as to infringement." *Id.* at *2–3.

Although noting that "the inquiry could end [t]here," the district court further determined that ICON had not brought suit in bad faith and that attorney fees were not warranted. *Id.* at *3–4. The district court therefore denied Octane's § 285 motion.

## II

On Octane's cross-appeal, we affirmed the district court's denial of Octane's motion to find the case exceptional and to award attorney fees, finding no clear error in the district court's factual findings or conclusions and declining at that time to reconsider the standard for exceptionality articulated in *Brooks Furniture. Id.* at 65.

On petition for writ of certiorari from that aspect of our decision of October 24, 2012, from which we denied rehearing on December 27, 2012, Octane challenged only the propriety of our standard for finding a patent case exceptional under *Brooks Furniture*; Octane did not challenge the factual findings and conclusions underlying the district court's denial of its § 285 motion.

The Supreme Court abrogated both the clear and convincing evidence standard and the two-part test for objective baselessness and subjective bad faith of *Brooks Furniture. Octane*, 134 S. Ct. at 1757–58. The Court held that within the context of § 285 "an 'exceptional' case is simply one that stands out from others with respect to the substantive strength of a party's litigating position (considering both the governing law and the facts of the case) or the unreasonable manner in which the case was litigated." *Id.* at 1756. The Court further concluded that "[d]istrict courts may determine whether a case is 'exceptional' in the case-by-case exercise of their discretion, considering the totality of the circumstances." *Id.* The Court explained that there is no precise rule or formula

for making those determinations and noted that district courts should exercise "equitable discretion" in considering a nonexclusive list of factors that could include "'frivolousness, motivation, objective unreasonableness (both in the factual and legal components of the case) and the need in particular circumstances to advance considerations of compensation and deterrence.'" *Id.* at 1756 n.6 (quoting *Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 534 n.19 (1994)). The Supreme Court also observed that "a case presenting either subjective bad faith or exceptionally meritless claims may sufficiently set itself apart from mine-run cases to warrant a fee award." *Id.* at 1757.

The Supreme Court's decision in *Octane* did not, however, revoke the discretion of a district court to deny fee awards even in exceptional cases. Long before *Brooks Furniture*, we held that "an exceptional case does not require in all circumstances the award of attorney fees." *S.C. Johnson & Son, Inc. v. Carter-Wallace, Inc.*, 781 F.2d 198, 201 (Fed. Cir. 1986); *see also Gardco Mfg., Inc. v. Herst Lighting Co.*, 820 F.2d 1209, 1215 (Fed. Cir. 1987) ("After the district court determines that a case is exceptional, there remains in every case its freedom to exercise its discretion informed by the court's familiarity with the matter in the litigation and the interest of justice." (internal quotations omitted)). Indeed, in the companion case *Highmark*, the Court held that "[b]ecause § 285 commits the determination whether a case is 'exceptional' to the discretion of the district court, that decision is to be reviewed on appeal for abuse of discretion" and that district courts should have discretion in "all aspects of [the] § 285 determination." *Highmark*, 134 S. Ct. at 1748–49.

Accordingly, affording the district court in this case its full discretion following the Supreme Court's decision in *Highmark* and in view of the new standard for determining whether a case is exceptional as articulated by the Court in *Octane*, we vacate the district court's judgment

denying Octane's motion both to find the case exceptional and to award attorney fees under § 285. We remand that issue to the district court for application in the first instance of the new standard whether, under the totality of the circumstances, this case "stands out from others with respect to the substantive strength" of ICON's litigation position or was litigated in an unreasonable manner. *Octane*, 134 S. Ct. at 1756.

## CONCLUSION

In view of the foregoing, we vacate the district court's denial of Octane's motion to find the case exceptional and to award attorney fees pursuant to 35 U.S.C. § 285 and remand for further consideration of that issue. The decisions relating to claim construction and noninfringement of ICON's '710 patent, as recited in our previous opinion, are not affected by this remand.

**VACATED IN PART AND REMANDED**