NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**HIGHMARK, INC.,**
*Plaintiff-Appellee,*

v.

**ALLCARE HEALTH MANAGEMENT SYSTEMS, INC.,**
*Defendant-Appellant.*

---

2011-1219

---

Appeal from the United States District Court for the Northern District of Texas in No. 4:03-CV-1384-Y, Senior Judge Terry R. Means.

---

Decided: September 5, 2014

---

CYNTHIA E. KERNICK, Reed Smith LLP, of Pittsburgh, Pennsylvania, for plaintiff-appellee. With her on the brief were JAMES C. MARTIN and THOMAS M. POHL. Of counsel was KEVIN S. KATONA.

DONALD R. DUNNER, Finnegan, Henderson, Farabow, Garrett & Dunner, LLP, of Washington, DC, for defendant-appellant. With him on the brief were DON O. BURLEY, JASON W. MELVIN, and CORA R. HOLT; and ERIK

R. PUKNYS, of Palo Alto, California.  Of counsel was DAN
S. BOYD, The Boyd Law Firm, of Dallas, Texas.

--------

Before NEWMAN, MAYER, and DYK, *Circuit Judges.*

PER CURIAM.

This case comes to us on remand from the Supreme
Court, which vacated our earlier opinion in which we set
aside the district court's award of attorney fees to appellee
Highmark, Inc. (Highmark). We *vacate and remand* to the
district court.

Highmark filed this suit in the Western District of
Pennsylvania in 2003, seeking a declaratory judgment
that all claims of U.S. Patent No. 5,301,105 (the '105
patent), owned by Allcare Health Management Systems,
Inc. (Allcare), were invalid, unenforceable, and not in-
fringed by Highmark's healthcare management system.
After obtaining a transfer to the Northern District of
Texas, Allcare counterclaimed for infringement of three
claims of the '105 patent. The district court appointed a
special master to aid in conducting claim construction and
disposing of summary judgment motions. Adopting the
special master's recommendations on both issues, the
district court granted summary judgment of noninfringe-
ment to Highmark and entered final judgment in October
2008. This court affirmed without written opinion.

During the pendency of the appeal, Highmark moved
the district court for sanctions under Rule 11 of the Fed-
eral Rules of Civil Procedure and an award of attorney
fees under section 285 of the Patent Act, 35 U.S.C. § 285.
The district court granted attorney fees under section 285
as to Allcare, finding that (1) Allcare's allegations of
infringement were frivolous as to two of the three assert-
ed '105 patent claims (claims 102 and 52), and (2) Allcare
had engaged in litigation misconduct by asserting a
meritless preclusion defense, shifting its position on claim

construction throughout the case, and making misrepresentations to the Western District of Pennsylvania in connection with the transfer. The district court also granted sanctions against Allcare's attorneys under Rule 11. The district court entered an award of approximately $4.7 million in attorney fees against Allcare under section 285 and approximately $375,000 in sanctions against Allcare's attorneys under Rule 11. On reconsideration, the district court vacated the sanctions against Allcare's attorneys. Allcare appealed the award of attorney fees.

Under the standards then prevailing, a party seeking attorney fees under § 285 had to establish that the case was "exceptional" by clear and convincing evidence. *See Highmark, Inc. v. Allcare Health Mgmt. Sys., Inc.*, 687 F.3d 1300, 1308 (Fed. Cir. 2012) (citing *Forest Labs., Inc. v. Abbott Labs.*, 339 F.3d 1324, 1327 (Fed. Cir. 2003)). Furthermore, under the two-part *Brooks Furniture* test, "absent misconduct in the course of the litigation or in securing the patent, sanctions [could] be imposed against the patentee only if two separate criteria [we]re satisfied: (1) the litigation [was] brought in subjective bad faith, and (2) the litigation [was] objectively baseless." *Id.* (citing *Brooks Furniture Mfg., Inc. v. Dutailier Int'l, Inc.*, 393 F.3d 1378, 1381 (Fed. Cir. 2005)). We reviewed a district court's finding of subjective bad faith for clear error and its finding of objective reasonableness without deference. *See id.* at 1309–10.

Applying these standards to Allcare's appeal as to the claim construction issue, we affirmed in part, reversed in part, and remanded for further proceedings. As to one of the two claims for which the district court found Allcare's assertion of infringement frivolous, claim 102, we agreed, concluding that "Allcare's allegations . . . warranted an exceptional case finding." *Id.* at 1313. But we disagreed with the district court's conclusion on the other allegedly frivolous infringement claim, claim 52, finding that "Allcare's argument with respect to this [claim] was not 'so

unreasonable that no reasonable litigant could believe it would succeed.'" *Id.* at 1315 (quoting *iLOR, LLC v. Google, Inc.*, 631 F.3d 1372, 1378 (Fed. Cir. 2011)). We also set aside the district court's findings of litigation misconduct, although we did not apply the two-part *Brooks Furniture* test.

Following our decision, the Supreme Court granted certiorari to review this court's practice of reviewing exceptional case findings without deference. The Court held that de novo review of a district court's objective unreasonableness finding was incorrect, and that "an appellate court should review all aspects of a district court's § 285 determination for abuse of discretion." *Highmark Inc. v. Allcare Health Mgmt. Sys., Inc.*, 134 S. Ct. 1744, 1747 (2014). The court clarified, however, that "the abuse-of-discretion standard does not preclude an appellate court's correction of a district court's legal or factual error" because "'[a] district would necessarily abuse its discretion if it based its ruling on an erroneous view of the law or a clearly erroneous assessment of the evidence.'" *Id.* at 1748 n.2 (quoting *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 405 (1990)). The case was remanded to us for further proceedings.

In a companion case, *Octane Fitness, LLC v. Icon Health & Fitness, Inc.*, the Supreme Court also rejected the "rigid" two-part *Brooks Furniture* test, holding that "an 'exceptional' case [warranting attorney fees] is simply one that stands out from others with respect to the substantive strength of a party's litigating position . . . or the unreasonable manner in which the case was litigated." 134 S. Ct. 1749, 1756 (2014). The Court further held that the exceptional nature of a case need not be proven with clear and convincing evidence. *Id.* at 1758.

On remand in this case, we ordered supplemental briefing. The parties take essentially opposite stances on how we should now proceed. Allcare argues that this court

should hew closely to its original opinion, reversing the district court on all grounds save for claim 102, the frivolousness of which is established. Highmark urges an across-the-board affirmance of the district court's attorney fee award.

Upon careful consideration, we vacate the district court's award of attorney fees and remand for reconsideration under the new standard articulated in *Octane*. The district court need not revisit its finding with respect to claim 102, which we previously upheld under the stricter standards then prevailing and which Allcare now concedes. In all other respects, the district court is free to weigh any matter properly included in an exceptional case determination under § 285.

**VACATED AND REMANDED**

COSTS

No costs.