NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**ICON HEALTH & FITNESS, INC., A DELAWARE CORPORATION,**
*Plaintiff-Appellant*

v.

**OCTANE FITNESS, LLC, A MINNESOTA LIMITED LIABILITY COMPANY,**
*Defendant-Cross-Appellant*

---

2016-1047, 2016-1101

---

Appeals from the United States District Court for the District of Minnesota in No. 4:09-cv-00319-ADM-SER, Judge Ann. D. Montgomery.

---

Decided:  August 25, 2017

---

DEANNE MAYNARD, Morrison & Foerster LLP, Washington, DC, argued for plaintiff-appellant. Also represented by MARC A. HEARRON; MICHAEL ALLEN JACOBS, ROBERT JAMES ESPOSITO, San Francisco, CA; LARRY R. LAYCOCK, DAVID R. WRIGHT, Maschoff Brennan Laycock Gilmore Israelsen & Wright, Salt Lake City, UT.

RUDOLPH A. TELSCHER JR., Husch Blackwell LLP, St. Louis, MO, argued for defendant-cross-appellant. Also represented by KARA RENEE FUSSNER, DAISY MANNING.

———————————

Before NEWMAN, LOURIE, and HUGHES, *Circuit Judges*.

HUGHES, *Circuit Judge*.

The district court awarded Octane Fitness, LLC attorney fees under 35 U.S.C. § 285 after finding the case exceptional. Because the district court did not abuse its discretion in its exceptionality finding or in the amount of the fee award, we affirm.

I

ICON Health & Fitness, Inc. and Octane are competitors in the exercise equipment industry. ICON initially filed suit in the Central District of California against Octane and Nellie's Exercise Equipment. ICON alleged that Octane infringed U.S. Patent No. 6,019,710 and both parties infringed U.S. Patent No. 5,104,120. The court determined that the claims against Nellie's were "peripheral to the claims against Octane" because "Nellie's is merely a distributer of Octane's equipment." J.A. 371. It severed Nellie's as a party and transferred the case to the District of Minnesota. ICON then dismissed its claims against Nellie's.

In May 2009, Octane sent a letter to ICON insisting that it dismiss the '120 patent from the lawsuit and putting it "on notice that Octane reserves its rights against Icon for costs required to respond to discovery, review documents and things produced by Icon, or otherwise address Icon's assertion of the '120 patent in this lawsuit." J.A. 3446–48. Two weeks later, the parties filed a stipulation dismissing with prejudice "any and all claims against the other, asserted or unasserted, relating to [the '120 patent]." J.A. 386.

In 2011, the District of Minnesota granted summary judgment of noninfringement in favor of Octane and denied Octane's motion for attorney's fees, applying the framework from *Brooks Furniture Mfg., Inc v. Dutailier Int'l, Inc.*, 393 F.3d 1378, 1381–82 (Fed. Cir. 2005) (requiring clear and convincing evidence of both subjective bad faith and objectively baseless claims). The Supreme Court overruled the *Brooks Furniture* standard, holding that "an 'exceptional' case is simply one that stands out from others with respect to the substantive strength of a party's litigating position . . . or the unreasonable manner in which the case was litigated," and that the burden of proof is a preponderance of the evidence. *Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 134 S. Ct. 1749, 1756, 1758 (2014).

On remand, the district court found that this case is exceptional because "Icon's litigation position stands out as a particularly and unusually weak case on the merits," J.A. 10, and "the case was litigated in a manner that stands out from more routine patent cases," J.A. 17. The court did not award fees for litigation relating to the '120 patent, finding Octane had released the claim under the terms of the stipulation. The court also did not award Octane fees for the appeal and remand proceedings relating to § 285 because ICON "relied on longstanding Federal Circuit precedent to argue the case was not exceptional under the *Brooks Furniture* standard." J.A. 24.

ICON appeals the exceptionality finding, and Octane appeals the amount of the fee award. We have jurisdiction under 28 U.S.C. § 1295(a)(1).

## II

We review factual findings underlying an exceptional case determination for clear error, and review the court's determination of whether a case is "exceptional" for an abuse of discretion. *Gaymar Indus., Inc. v. Cincinnati*

*Sub-Zero Prods., Inc.*, 790 F.3d 1369, 1372 (Fed. Cir. 2015).

ICON argues that because the district court originally found that the lawsuit was not objectively baseless or brought in subjective bad faith, the district court abused its discretion by changing course and finding the case exceptional on remand. We disagree. ICON ignores the significant change in law between the *Brooks Furniture* framework and the *Octane Fitness* standard. The district court provided a thorough analysis explaining its conclusion that this case is exceptional under *Octane Fitness*. Because we find no clear error in its factual findings, the district court did not abuse its discretion in finding the case exceptional.

The district court began by considering the substantive strength of ICON's litigation position, and found that ICON's claim construction arguments "were wholly at odds with the patent text, prosecution history, and inventor testimony, and would have resulted in impermissibly broad claims." J.A. 5. On appeal, ICON reargues its claim construction positions to prove that they were reasonable. But during the first appeal, we affirmed the district court's claim constructions and noted that one of ICON's claim construction arguments was "without merit." *Icon Health & Fitness, Inc. v. Octane Fitness*, LLC, 496 F. App'x 57, 62 (Fed. Cir. 2012), *rev'd on other grounds*, 134 S. Ct. 1749 (2014). Ultimately, the district court did not clearly err by concluding that ICON's position was weak.

The district court next made several factual findings regarding the manner in which ICON litigated the case, including that: 1) ICON initially included Nellie's in the lawsuit in order to increase costs to Octane; 2) ICON failed to show that it performed sufficient pre-suit analysis, and that it likely had "scour[ed] its patent portfolio in search of a basis for bringing a lawsuit against Octane,"

J.A. 14; 3) emails sent by an ICON employee indicated that ICON sued based on an "[o]ld patent . . . that was sitting on the shelf" as a way to get royalties from their competitor, J.A. 15; and 4) "the non-commercialization of the '710 patent is relevant to whether awarding fees to Octane is necessary to deter Icon from future attempts to extract royalties to which it is not entitled from a competitor who might rather settle a meritless patent infringement suit than pay the high cost to defend it," J.A. 17. Because the district court did not clearly err in these factual findings, it did not abuse its discretion in concluding that "the manner of litigation was exceptionally unreasonable." J.A. 17.

Because there is no clear error in its analysis of the totality of the circumstances, the district court's exceptional case determination was well within its discretion.

## III

Despite receiving over $1.6 million in attorney's fees, Octane argues in its cross-appeal that the district court erred by not awarding fees relating to litigating the '120 patent and the § 285 appellate and remand proceedings. Regarding the '120 patent, we find the parties' stipulation dismissing "any and all claims . . . asserted or unasserted" unambiguously dismissed *all claims* relating to the '120 patent, including a claim for fees under § 285. We decline to further examine the minutia of the fee award, as the district court has the "discretion to determine the amount of a fee award." *Commissioner, INS v. Jean*, 496 U.S. 154, 161 (1990). The district court provided a reasonable analysis of the calculation of the fee award and did not abuse its discretion in reaching the final award.

## IV

We have considered the remainder of the parties' arguments and find them unpersuasive. Because the dis-

trict court did not abuse its discretion, the judgment of the district court is affirmed.

**AFFIRMED**