## BÉNÉ v. JEANTET.

APPEAL FROM THE CIRCUIT COURT OF THE UNITED STATES FOR THE SOUTHERN DISTRICT OF NEW YORK.

No. 167. Argued January 18, 1889. — Decided March 5, 1889.

The reissued letters patent No. 8637, granted to John Béné March 25, 1879, for an improvement in the process of refining and bleaching hair, is limited to the second claim and is to be construed as a patent for a process of refining hair by treating it in a bath composed of a solution of chlorine salt dissolved in an excess of muriatic acid; but within that limit it is a pioneer invention and is entitled to receive a liberal construction.

The testimony of two experts in a patent suit being conflicting, and the evidence of one being to facts within his knowledge which tended to show that there was no infringement, while that of the other, who was called to establish an infringement, was largely the assertion of a theory, and the presentation of arguments to show that facts testified to by the other could not exist; *Held*, that no case of infringement was made out.

IN EQUITY, to restrain an alleged infringement of letters patent. Decree dismissing the bill without prejudice to the right of complainant to bring an action at law. Complainants appealed. The case is stated in the opinion.

*Mr. Samuel T. Smith* for appellants.

*Mr. William P. S. Melvin* for appellee.

MR. JUSTICE LAMAR delivered the opinion of the court.

This is a suit in equity, brought in the Circuit Court of the United States for the Southern District of New York, by John Béné and Adolph Grünberg against Emile Jeantet, praying an injunction, accounting, and damages for an alleged infringement of reissued letters patent No. 8637, granted to Béné, March 25. 1879, on an application filed March 4, 1879, for an improvement in the process of refining and bleaching hair.

Counsel for complainant stated in the record that no claim

is made in this suit for the bleaching of hair except so far as the bleaching may result incidentally from the process of refining; and the only issue presented by the pleadings, therefore, relates to the question of infringement so far as the process of refining hair is concerned, there being no issue raised as to the validity of the patent in any respect.

The nature and object of the invention are set forth in the specification as follows:

"This invention relates to the treatment of all kinds of coarse hair, which, in its natural state, has little commercial value, and is entirely unfit for toilet uses and purposes. The said treatment serves, mainly, to refine the hair or reduce the diameter of the hairs and to render them more pliable and glossy; but it also serves to partially bleach the hair or lighten its color or tint and fit it to pass through any of the ordinary dyeing processes, whereby it may be given any shade or color desired or possible. In carrying out my invention, for the purpose of producing from the coarse, harsh hair above mentioned, a soft, pliable hair of fine texture, I treat the said coarse hair to a bath composed of such chemicals or chemical substances as will dissolve away a portion of the surface of each hair, and thus reduce its diameter. I find that a solution of a chlorine salt dissolved in an excess of muriatic acid serves my purpose as a bath for this refining treatment. I claim as my invention:

"(1) The method of refining all grades of coarse hair, which consists in subjecting it to the action of chemicals, whereby the surface of each hair is corroded or dissolved away and its diameter reduced, substantially as set forth.

"(2) The method of refining coarse hair, which consists in subjecting it to the action of a bath composed of muriatic acid, in which is dissolved a chlorine salt, substantially as set forth.

"(3) The method of refining and bleaching all kinds and grades of coarse hair, which consists, first, in bathing and manipulating the same in a chemical bath, composed of acid and a chlorine salt, and then in a bleaching bath, composed of acids and bichromate of potash, substantially as and for the purpose set forth.

"(4) The method of refining and bleaching all kinds and grades of coarse hair, which consists, first, in bathing and manipulating the same in a bath composed of acid and a chlorine salt, which refines the hair; second, subjecting the refined hair to a bath composed of acids and bichromate of potash; and, third, subjecting the hair thus refined and-bleached to the proper shade to a fixing bath composed of warm water, solution of muriate of tin, bisulphate of soda and muriatic acid, which sets the color, substantially as set forth.

"(5) The method of refining and treating hair, which consists in first passing it through a refining bath composed of an acid and a chlorine salt; then, if desired or necessary, through bleaching and fixing baths, as above described; and, finally, treating the hair so refined to a bath composed of water and ammonia, to remove all of its impurities, substantially as specified.

"(6) As a new article of commerce and manufacture, hair of fine texture produced from any grade of coarse hair, either animal or human, by the method of refining, substantially as herein described."

The court below held that were it not for the latter part of this description the specification would fail to comply with the statute, and would be void for uncertainty. It therefore limited the patentee to his second claim, and accordingly ruled that under this specification "the patent is to be construed as one for a process of refining hair by treating it in a bath composed of a solution of chlorine salt dissolved in an excess of muriatic acid, and the claims are to be limited accordingly."

The court further found from the evidence produced in the case that the alleged infringement, the sole issue presented by the pleadings, had not been proven, and, therefore, dismissed the bill without prejudice to the right of the complainants to bring an action at law if they were so advised. An appeal from this decree brings the case here.

Under § 4888 Rev. Stat. the specification must describe the invention and the manner and process of "making, constructing, compounding and using it in such full, clear, concise and exact terms as to enable any person skilled in the art or science

to which it appertains . . . . to make, construct, compound and use the same." · Tested by this requirement, the patent in suit cannot receive the broad construction for which complainants contend. Except as applicable to the second claim, the specification is not full and clear enough to give one skilled in chemistry such an idea of the particular kinds and character of the chemicals, or combination of chemicals, with the relative proportions of each, as would enable him to use the invention without having to resort to experiments of his own to discover those ingredients. The broad construction claimed for this patent as a pioneer and foundation invention in the art of refining hair cannot extend the rights of the patentee beyond the compositions of matter and processes which, as stated in the patent, embody his real invention. It is true, as appears upon the pleadings, that the appellant Béné was the first discoverer of a process of refining hair, and his patent, therefore, is entitled, within the limits just indicated, to a liberal construction. If, therefore, it was proved that the hair dealt in by the defendant was refined by substantially the same chemical action as that set forth in the second claim, the fact of infringement was established, and the complainants were entitled to the decree prayed for.

Upon the trial no direct testimony was offered by plaintiffs to show that the articles dealt in by the defendant were treated or refined by the patented process. The only fact upon which the plaintiffs relied was, the correspondence of the articles proved to have been sold by defendant, in respect of smoothness, lustre and pliability, with the hair produced according to the patented process; which correspondence, it was contended, showed that both products resulted from the same method or equivalent method of preparation; and it was farther insisted that the court was bound from that fact to conclude that refined hair, like that in question, could not be produced except by treating it in a bath composed of a solution of chlorine salt dissolved in an excess of muriatic acid, or a solution of their (chemical) equivalents. ·

To support this contention the plaintiff introduced an expert, Nathaniel S. Keith, who states that, whilst he had never at-

tended any lectures on the subject of chemistry, he had pursued his studies in the chemical laboratory of his father, a practising physician and a manufacturing chemist. He had given hair special consideration during three or four years past, and had made experiments upon the processes of refining and bleaching hair with reference to this suit and another legal controversy. In his testimony he asserts, substantially, that the defendant's article cannot be produced, except by a treatment in a solution of chlorine salt and muriatic acid, or their (chemical) equivalents. In response to the question, "What other substance is there, if any, except chlorine and its compounds, which will corrode or dissolve away the surface of the hair so as to reduce the size or diameter without essentially destroying the hair?" he answers: "I have no knowledge of any other." Again: "My opinion is, that any method under which, by the action of chemicals, the surface of hair is dissolved or corroded away so as to reduce its diameter comes within the province, or falls within one or more of the claims, of the said patent."

To repel this contention the defendant called as an expert witness one Charles Marchand, who stated that he had been engaged in chemical studies for twenty-four years, having graduated at a school of arts and manufactures in Paris in 1871, from which time his business had been that of a manufacturing chemist, to which, after he came to this country in 1878, he added the occupation of analytical chemist. He testifies that in his studies and business he has had much to do with bleaching and refining human hair, and other hair; has known for many years oxidizing agencies for bleaching or refining hair; first saw hair reduced in diameter by the use of chemicals twelve years ago in Paris by a chemist; and that he had made a number of experiments in the treatment of hair by subjecting it to a refining process entirely different from that described in the patent; and in corroboration of his testimony he produced several samples of refined hair, which he stated he had refined by the use of different chemicals from those mentioned in the patent.

The first was treated by a chlorine gas solution in pure water, and then by a solution of peroxide of hydrogen.

The second was a solution of permanganate of potash in water with sulphuric acid and muriatic acid in proper proportions.

The third was a solution of sulphurous acid in water, and also a solution of permanganate of potash.

The fourth was treated by one of the same methods. Another specimen was treated by a concentration of peroxide of hydrogen.

To break the force of this testimony, Keith was recalled, and, upon many points, contradicted Marchand's statements. He testified that he had made experiments according to the methods described by Marchand, and found them failures, and the hair subjected to them worthless and unrefined.

The testimony of these two witnesses is conflicting. But the testimony of Marchand relates to facts declared to be within his knowledge and experience; whilst that of Keith is largely the assertion of a theory and a presentation of arguments to show that the facts testified to by Marchand cannot exist. The experiments which Keith said he had made according to Marchand's formula, and which failed to produce refined hair, were, as he admitted, his first experiments for that purpose; whilst those made by Marchand were the results of twelve years of practice, and attested themselves by the specimens produced.

We think the complainants did not make out a case of infringement. There is not a preponderance of evidence in their favor.

The decree of the Circuit Court is therefore

*Affirmed.*