O’MALLEY, Circuit Judge,
concurring, with whom HUGHES, Circuit Judge, joins.
I agree with the majority’s thoughtful conclusion that we should affirm all as *1384 pects of the district court’s decision in this case. I write separately because, although we are bound by our precedent at the panel stage, I believe it is time for the full court to reevaluate our standard for the imposition of enhanced damages in light of the Supreme Court’s recent decisions in Highmark Inc. v. Allcare Health Management System, Inc., — U.S. -, 134 S.Ct. 1744, 188 L.Ed.2d 829 (2014) and Octane Fitness, LLC v. ICON Health & Fitness, Inc., — U.S. -, 134 S.Ct. 1749, 188 L.Ed.2d 816 (2014), and the terms of the governing statutory provision, 35 U.S.C. § 284 (2012).
Our current two-prong, objective/subjective test for willful infringement set out in In re Seagate Technology, LLC, 497 F.3d 1360 (Fed.Cir.2007) (en banc) is analogous to the test this court prescribed for the award of attorneys’ fees under § 285 in Brooks Furniture Manufacturing, Inc. v. Dutailier International, Inc., 393 F.3d 1378, 1381-82 (Fed.Cir.2005), overruled by Octane Fitness, 134 S.Ct. at 1757-58. The parallel between our tests for these two issues is not surprising. Both enhanced damages and attorneys’ fees are authorized under similar provisions in title 35 of the United States Code (the Patent Act of 1952). Compare 35 U.S.C. § 284 (“[T]he court may increase the damages up to three times the amount found or assessed.”) with 35 U.S.C. § 285 (“The court in exceptional cases may award reasonable attorney fees to the prevailing party.”). Although § 284 does not limit enhanced damages to “exceptional cases” as does § 285 for attorneys’ fees, the Supreme Court has explained that increased damages are only available “in a case of willful or bad-faith infringement.” Aro Mfg. Co. v. Convertible Top Replacement Co., 377 U.S. 476, 508, 84 S.Ct. 1526, 12 L.Ed.2d 457 (1964).
As such, our standard for the award of enhanced damages under § 284 has closely mirrored our standard for the award of attorneys’ fees under § 285. See, e.g., Bard Peripheral Vascular, Inc. v. W.L. Gore & Assocs., Inc., 682 F.3d 1003, 1007 (Fed.Cir.2012) (“Our holding is consistent with similar holdings in other parallel areas of law. Our precedent regarding objectively baseless claims, which allow courts to award enhanced damages and attorneys’ fees under 35 U.S.C. § 285, and the Supreme Court’s precedent on ‘sham’ litigation are instructive.”); iLOR, LLC v. Google, Inc., 631 F.3d 1372, 1377 (Fed.Cir. 2011) (“The objective baselessness standard for enhanced damages and attorneys’ fees against a non-prevailing plaintiff under Brooks Furniture is identical to the objective recklessness standard for enhanced damages and attorneys’ fees against an accused infringer for § 284 willful infringement actions under [Seagate].”). Indeed, our willfulness test, as described in Seagate and Bard, and our old § 285 test, under Brooks Furniture, both were predicated on our interpretation of the Supreme Court’s decision in Professional Real Estate Investors, Inc. v. Columbia Pictures Industries, Inc. ("PRE”), 508 U.S. 49, 113 S.Ct. 1920, 123 L.Ed.2d 611 (1993), which we believed required a two-step objective/subjective inquiry before either enhanced damages or attorneys’ fees could be awarded.
The Supreme Court has now told us that our reading of PRE was wrong. In Octane Fitness, the Court explained that the PRE standard was crafted as a very narrow exception for “sham” litigation to avoid chilling the exercise of the First Amendment right to petition the government for redress of grievances with the threat of antitrust liability. This narrow test required that a “sham” litigation be “objectively baseless” and “brought in an attempt to thwart the competition.” Oc *1385 tane Fitness, 134 S.Ct. at 1757 (citing PRE, 508 U.S. at 60-61, 113 S.Ct. 1920). In rejecting Brooks Furniture’s reliance on PRE in the § 285 context, the Supreme Court stated that the narrow PRE standard “finds no roots in the text of § 285” and the chilling effect of shifting attorney’s fees is not as great as the threat of antitrust liability. Id, at 1757-58.
Because we now know that we were reading PRE too broadly, and have been told to focus on the governing statutory authorization to determine what standards should govern an award of attorneys’ fees, we should reconsider whether those same interpretative errors have led us astray in our application of the authority granted to district courts under § 284. Just as “the PRE standard finds no roots in the text of § 285,” id., there is nothing in the text of § 284 that justifies the use of the PRE narrow standard. In rejecting the rigid two-prong, subjective/objective test for § 285 under Brooks Furniture, the Supreme Court told us to employ a flexible totality of the circumstances test. Id. at 1756. We should now assess whether a similar flexible test is appropriate for an award of enhanced damages.
The substantive test is not the only part of our willfulness jurisprudence that requires our attention. In Octane Fitness, the Supreme Court also rejected the requirement that patent litigants establish their entitlement to attorneys’ fees under § 285 by “clear and convincing evidence.” Id. at 1758. As we used to do for attorneys’ fees, we currently require patentees to prove willfulness by clear and convincing evidence. See Seagate, 497 F.3d at 1371. As the Supreme Court explained in Octane Fitness, however, the ordinary rule in civil cases, and specifically patent infringement cases, is proof by a preponderance of the evidence. Herman & MacLean v. Huddleston, 459 U.S. 375, 390, 103 S.Ct. 683, 74 L.Ed.2d 548 (1983); see also Octane Fitness, 134 S.Ct. at 1758 (citing Bene v. Jeantet, 129 U.S. 683, 688, 9 S.Ct. 428, 32 L.Ed. 803 (1889)). In fact, other courts only require proof of willfulness by a preponderance of the evidence in similar contexts. E.g., Fishman Transducers, Inc. v. Paul, 684 F.3d 187, 193 (1st Cir.2012) (holding that a preponderance of the evidence standard was appropriate to prove willfulness in a trademark infringement case); Columbia Pictures Indus., Inc. v. Liberty Cable, Inc., 919 F.Supp. 685 (S.D.N.Y.1996) (explaining that plaintiff must prove willful copyright infringement by a preponderance of the evidence). As with § 285, moreover, § 284 has no language that would justify a higher standard of proof; it just demands a simple discretionary inquiry and imposes no specific evidentiary burden. See Octane Fitness, 134 S.Ct. at 1758. This court should evaluate whether there are any reasons to maintain a standard that is at odds with the ordinary standard in civil cases for a finding of willfulness where nothing in the statutory text- even hints that we do so.
The Supreme Court also rejected de novo review of a fee award under § 285. Highmark, 134 S.Ct. at 1748. According to the Supreme Court, “whether a case is ‘exceptional’ under § 285 is a matter of discretion,” which “is to be reviewed only for abuse of discretion.” Id. Section 284 also leaves the issue of enhanced damages to the discretion of the court. Compare 35 U.S.C. § 284 (“[T]he court may increase the damages.... ” (emphasis added)) with 35 U.S.C. § 285 (“The court in exceptional cases may award reasonable attorney fees to the prevailing party.” (emphasis added)). Indeed, other appellate courts review similar willfulness findings with more deference. E.g., Dolman v. Agee, 157 F.3d 708, 714-15 (9th Cir.1998) (reviewing a finding of willful copyright infringement *1386 for clear error). As such, we must also consider whether a district court’s finding of willfulness should be subject to de novo review.
Finally, under the plain language of §§ 284 and 285, “the court” is the entity that decides whether the remedy is appropriate. 35 U.S.C. § 284 (“[T]he court may increase the damages.... ” (emphasis added)); 35 U.S.C. § 285 (“The court in exceptional cases may award reasonable attorney fees to the prevailing party.” (emphasis added)). While we allowed the court to determine whether to award attorneys’ fees under Brooks Furniture, we have long held that a willfulness determination contains issues of fact that should be submitted to a jury. See Bard, 682 F.3d at 1005 (holding that the objective prong under Seagate was ultimately a question of law for the court, but leaving the subjective prong as a question of fact for the jury); see also Nat’l Presto Indus., Inc. v. West Bend Co., 76 F.3d 1185, 1193 (Fed.Cir.1996) (“The issue of willful infringement remains with the trier of fact.”); Braun Inc. v. Dynamics Corp. of Am., 975 F.2d 815, 822 (Fed.Cir.1992) (“Whether infringement is willful is a question of fact and the jury’s determination as to willfulness is therefore reviewable under the substantial evidence standard.” (citation omitted)). Although not directly addressed by the Supreme Court, when we reevaluate the proper test for an award of enhanced damages, this court should also consider whether § 284 requires a decision on enhanced damages to be made by the court. The mere presence of factual components in a discretionary inquiry does not remove that inquiry from the court to whom congress reposed it. See Markman v. Westview Instruments, Inc., 52 F.3d 967, 992 (Fed. Cir.1995), aff'd, 517 U.S. 370, 116 S.Ct. 1384, 134 L.Ed.2d 577 (1996) (“Even within the realm of factual questions, whether a particular question must always go to a jury depends ‘on whether the jury must shoulder this responsibility as necessary to preserve the substance of common law right of trial by jury.’ ” (quoting Tull v. United States, 481 U.S. 412, 417, 107 S.Ct. 1831, 95 L.Ed.2d 365 (1987))).
For the following reasons, although we are bound by Seagate and Bard as a panel, I urge the full court to reevaluate our willfulness jurisprudence in light of the Supreme Court’s decisions in Highmark and Octane Fitness.