### IN RE: OPLUS TECHNOLOGIES, LTD., PATENT LITIGATION.

### MDL No. 2400.

United States Judicial Panel on Multidistrict Litigation.

Oct. 3, 2012.

Before JOHN G. HEYBURN II, Chairman, KATHRYN H. VRATIL, W. ROYAL FURGESON, JR., BARBARA S. JONES, PAUL J. BARBADORO, MAJORIE O. RENDELL, and CHARLES R. BREYER, Judges of the Panel.

### ORDER DENYING TRANSFER

JOHN G. HEYBURN II, Chairman.

**Before the Panel:** Pursuant to 28 U.S.C. § 1407, patentholder Oplus Technologies, Ltd. (Oplus) seeks centralization in the Northern District of Illinois of six actions involving the alleged infringement of two patents concerning methods of video signal error correction and deinterlacing technologies.[1] This litigation currently consists of six actions listed on Schedule A and pending in three districts. All responding defendants[2] oppose centralization.

On the basis of the papers filed and hearing session held, we are not persuaded that centralization would serve the convenience of the parties and witnesses or further the just and efficient conduct of this litigation at this time. These actions do involve similar allegations surrounding the infringement or validity of certain claims of the '840 patent, and some cases also involve certain claims of the '842 patent. Despite the existence of some factual overlap among the present actions, Oplus has failed to convince us that centralization is necessary in these circumstances.

Several considerations weigh against centralization. Only three manufacturing entities—JVC, VIZIO, and Funai—in three actions are accused of infringement. Retailer defendant Sears is named in the other three actions, all of which are pending in the Northern District of Illinois. In addition, one of the actions is already steadily progressing, with a *Markman* hearing scheduled for early 2013. With so few involved defendants and only a limited number of common claims and patents in dispute, it appears that informal cooperation among the parties and coordination among the involved judges is a feasible alternative to transfer. The parties may find it advisable to coordinate common discovery, and the involved courts may wish to allow one claim construction hearing to proceed in advance of the others. We note that defendants appear to be amenable to cooperative efforts to reduce costs in this litigation, given that they filed a single

---

1. Specifically at issue are U.S. Patent No. 7,271,840 ('840 patent) entitled "Method for Determining Entropy of a Pixel of a Real Time Streaming Digital Video Image Signal, and Applications Thereof." and U.S. Patent No. 6,239,842 entitled "Method of De–Interlacing Video Signals Using a Mixed Mode Spatial and Temporal Approximation Technique."

2. Sears Holdings Corp. (Sears), VIZIO, Inc. (VIZIO), Funai Electric Co., Ltd. (Funai), and JVC Americas Corp. (JVC).

consolidated brief on the issue of centralization. Thus, although we are denying centralization, we nevertheless encourage the parties and involved courts to pursue various alternative approaches, should the need arise, to minimize the potential for duplicative discovery and inconsistent pretrial rulings. *See, e.g., In re Eli Lilly and Co. (Cephalexin Monohydrate) Pat. Litig.,* 446 F.Supp. 242, 244 (J.P.M.L.1978); *see also Manual for Complex Litigation, Fourth,* § 20.14 (2004).

IT IS THEREFORE ORDERED that the motion, pursuant to 28 U.S.C. § 1407, for centralization of the actions listed on Schedule A is denied.

## SCHEDULE A

MDL No. 2400 — **IN RE: OPLUS TECHNOLOGIES, LTD., PATENT LITIGATION**

*Central District of California*

*Oplus Technologies, Ltd. v. Sears Holdings Corporation, et al.,* C.A. No. 2:12–05707

*Northern District of Illinois*

*Oplus Technologies, Ltd. v. Sears Holdings Corporation, et al.,* C.A. No. 1:11–08539

*Oplus Technologies, Ltd. v. Sears Holdings Corporation, et al.,* C.A. No. 1:11–09017

*Oplus Technologies, Ltd. v. Sears Holdings Corporation, et al.,* C.A. No. 1:11–09027

*Oplus Technologies, Ltd. v. Sears Holdings Corporation, et al.,* C.A. No. 1:11–09029

*District of New Jersey*

*Oplus Technologies, Ltd. v. Sears Holdings Corporation, et al.,* C.A. No. 2:12–05231