# United States Court of Appeals
# for the Federal Circuit

---

**OPLUS TECHNOLOGIES, LTD.,**
*Plaintiff-Appellee*

v.

**VIZIO, INC.,**
*Defendant-Appellant*

**SEARS HOLDINGS CORPORATION,**
*Defendant*

---

2014-1297

---

Appeal from the United States District Court for the Central District of California in No. 2:12-cv-05707-MRP-E, Senior Judge Mariana R. Pfaelzer.

---

Decided: April 10, 2015

---

MICHAEL E. JOFFRE, Kellogg, Huber, Hansen, Todd, Evans & Figel, PLLC, Washington, DC, argued for plaintiff-appellee. Also represented by ARTHUR A. GASEY; DANIEL R. FERRI, RAYMOND PARDO NIRO, I, Niro, Haller & Niro, Chicago, IL.

ADRIAN MARY PRUETZ, Glaser, Weil, Fink, Jacobs, Howard, Avchen & Shapiro LLP, Los Angeles, CA, argued

for defendant-appellant. Also represented by CHARLES CHRISTIAN KOOLE, DAN LIU, MIEKE K. MALMBERG.

―――――――――

Before PROST, *Chief Judge,* MOORE, and O'MALLEY, *Circuit Judges.*

MOORE, *Circuit Judge.*

Vizio, Inc. appeals from the district court's denial of attorneys' and expert witness fees under 35 U.S.C. § 285, 28 U.S.C. § 1927, and the court's inherent power.  We hold that the district court abused its discretion in denying fees, and thus *vacate* and *remand.*

BACKGROUND

Oplus Technologies, Ltd. originally filed this patent infringement suit in the Northern District of Illinois against Vizio and Sears Holding Corporation.  The Northern District of Illinois granted defendants' motion to transfer the case to the Central District of California. *Oplus Techs., Ltd. v. Sears Holdings Corp.*, No. 11-cv-8539, 2012 WL 2280696, at *8 (N.D. Ill. June 15, 2012). After the case was transferred, Oplus moved the Judicial Panel on Multidistrict Litigation to transfer the case back to the Northern District of Illinois and consolidate it with cases Oplus filed against Sears and other companies.  The Panel denied Oplus's motion. *In re Oplus Techs., Ltd., Patent Litig.*, 899 F. Supp. 2d 1373, 1374 (J.P.M.L. 2012).

The course of this litigation was anything but ordinary as the district court's opinion thoughtfully chronicles.  On the merits, the case concluded when the Central District of California granted summary judgment of noninfringement of the asserted patents.  Vizio moved to recover attorneys' and expert witness fees pursuant to 35 U.S.C. § 285, 28 U.S.C. § 1927, and the court's inherent power.  Following briefing and a hearing, the court issued an opinion with numerous findings regarding Oplus's

litigation misconduct. *Oplus Techs., Ltd. v. Sears Holdings Corp.*, No. 2:12-cv-05707-MRP-Ex (C.D. Cal. Feb. 3, 2014), ECF No. 220 (*Fees Order*). The court found that from the start Oplus "delayed the litigation by strategically amending its claims to manufacture venue," and, in doing so, "flouted the standards of appropriate conduct and professional behavior." *Id.* at 11. It found that "Oplus provided only the most tenuous basis in its initial complaint for bringing suit in Illinois" and that its "first amended complaint took its first step over the boundaries of professionalism" because the "amendment rendered its allegations against Sears prima facie inadequate." *Id.* It chastised Oplus for "ignor[ing] well-settled law" by asking "the [Panel on Multidistrict Litigation] to return the case to Illinois after it lost" the motion to transfer to the Central District of California. *Id.*

The court found that "Oplus misused the discovery process to harass Vizio by ignoring necessary discovery, flouting its own obligations, and repeatedly attempting to obtain damages information to which it was not entitled." *Id.* It found that Oplus implemented an "abusive discovery strategy" that involved "avoid[ing] its own litigation and discovery obligations while forcing its opponent to provide as much information as possible about Vizio's products, sales, and finances." *Id.* The court noted that its "greatest concern . . . was Oplus's counsel's subpoena for documents counsel had accessed under a prior protective order." *Id.* at 12. In that instance, counsel for Oplus represented an unrelated patentee in a prior litigation against Vizio and, pursuant to the protective order in that prior litigation, retained copies of documents produced by Vizio. *Id.* Here, counsel for Oplus, Niro, Haller & Niro, drafted what it called a tailored subpoena for documents retained by counsel for the earlier plaintiff, which also happened to be Niro, Haller & Niro. *Id.* The court concluded that it "strain[ed] credulity" to believe that Oplus "issued the subpoena without using any knowledge by

three attorneys [that both worked on the earlier case and the present case] as to the content of the discovery sought." *Id.* at 12–13. The court found that "Oplus blatantly misinterpreted its own prior discovery requests in an attempt to obtain the same information the Court had previously refused to compel." *Id.* at 13.

The court found that "Oplus used improper litigation tactics including presenting contradictory expert evidence and infringement contentions as well as misrepresenting legal and factual support." *Id.* It found that Oplus's response to Vizio's complaint about contradictory expert opinions—where Oplus disavowed "its own expert's statement when Vizio cited the paragraph, rather than the paragraph heading" of its expert's report—was "merely one example of Oplus's strategic manipulation of the facts and evidence provided to the Court." *Id.* at 14. In another example, it noted that whereas "Oplus's infringement contentions cite[d] a patent to show infringement" of Oplus's patents, its "expert testifie[d] that the same patent did not disclose the methods of Oplus's patents." *Id.* It found that "Oplus consistently twisted the Court's instructions and decisions" and attempted "to mislead the Court." *Id.* It complained that when "Oplus had no evidence of infringement of one element of a claim, it simply ignored that element and argued another." *Id.* It found that "Oplus regularly cited to exhibits that failed to support the propositions for which they were cited" and that "Oplus's malleable expert testimony and infringement contentions left Vizio in a frustrating game of Whac-A-Mole throughout the litigation." *Id.*

The district court found the case exceptional under 35 U.S.C. § 285 and that Oplus and its counsel were vexatious litigants and engaged in litigation misconduct. *Id.* at 10–15. Despite its specific findings regarding Oplus's conduct and its ultimate finding that the case was exceptional, the court denied Vizio's request for fees. *Id.* at 16–18. It noted that "[a]though Oplus's behavior has been

inappropriate, unprofessional, and vexatious, an award of attorney fees must take the particular misconduct into account." *Id.* at 16. It then stated, without further explanation, that the "case has been fraught with delays and avoidance tactics to some degree on both sides." *Id.* It noted that "each instance of motion practice occurred according to normal litigation practice" and that "[t]here is little reason to believe that significantly more attorney fees or expert fees have been incurred than would have been in the absence of Oplus's vexatious behavior." *Id.*

It also denied fees under § 1927, reasoning that "there is no evidence suggesting that Oplus's behavior stemmed from bad faith or a sufficient intent to harass," even though the "Court has ample evidence of Oplus's litigation misconduct." *Id.* It denied fees under its inherent power, reasoning that "it would be a mistake for the Court to use its inherent power" to grant fees because "other tools for sanctioning behavior exist and apply to the party's misconduct." *Id.* at 18. Vizio appeals; we have jurisdiction under 28 U.S.C. § 1295(a)(1).

## DISCUSSION

We review all aspects of a district court's determination under 35 U.S.C. § 285 for abuse of discretion. *Highmark Inc. v. Allcare Health Mgmt. Sys., Inc.*, 134 S. Ct. 1744, 1749 (2014). The Ninth Circuit reviews a denial of sanctions under 28 U.S.C. § 1927 and a court's inherent power for abuse of discretion. *Trulis v. Barton*, 107 F.3d 685, 692, 695 (9th Cir. 1995).

Section 285 provides: "The court in exceptional cases may award reasonable attorney fees to the prevailing party." When the district court issued its opinion, we had required that patent litigants establish entitlement to fees under § 285 by clear and convincing evidence. *Brooks Furniture Mfg., Inc. v. Dutailier Int'l, Inc.*, 393 F.3d 1378, 1382 (Fed. Cir. 2005). Since the district court issued its opinion, the Supreme Court rejected this requirement,

holding that "nothing in § 285 justifies such a high stand-ard of proof." *Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 134 S. Ct. 1749, 1755, 1758 (2014). This change in the law lowers considerably the standard for awarding fees. In light of this change in the law, we believe it appropriate to vacate and remand this case in order for the district court to reconsider the propriety of awarding fees.

The district court opinion details an egregious pattern of misconduct. Even Oplus's counsel "agree[s] that [the misconduct was] quite severe." Oral Arg. at 14:40–43, *available at* http://oralarguments.cafc.uscourts.gov/default.aspx?fl=2014-1297.mp3. Although an award of fees is within the discretion of the district court, nothing in the opinion or in the record substantiates the court's decision not to award fees. The court's opinion details Oplus's misconduct. Given that the district court found counsel's behavior "inappropriate," "unprofessional," "vexatious," and "harassing," it is difficult to imagine how Vizio had not incurred additional expenses defending against such filings. *E.g.*, *Fees Order* at 14, 16. The district court explained that Oplus's litigation positions, expert positions, and infringement contentions were a constantly moving target, "a frustrating game of Whac-A-Mole throughout the litigation." *Id.* at 14. Defending against a constantly moving target would logically have increased the expense of litigation for Vizio. The court also detailed Oplus's "abusive discovery strategy," *id.* at 11, explaining that "Oplus misused the discovery process to harass Vizio by ignoring necessary discovery, flouting its own obligations, and repeatedly attempting to obtain damages information to which it was not entitled." *Id.* Again, it seems that this sort of discovery abuse would increase litigation costs for Vizio. The court gave several examples, including Oplus's filing of motions to compel, which were "seriously contradictory and unreasonable" and sought to compel discovery that it was not entitled to

and had never even requested. *Id.* at 8–9. Here too it seems likely that additional litigation expenses would have been incurred.

After detailing the serious misconduct and concluding that the case was exceptional, the explanation the court gave for denying fees was that the "case has been fraught with delays and avoidance tactics to some degree on both sides." *Id.* at 16. The court did not specify the delays or tactics and, at oral argument, counsel for Oplus was unable to articulate delays that were substantiated in the record, let alone actions that would warrant the court's denial. Oral Arg. at 15:30–18:00. On appeal, "Oplus has not challenged any finding by the district court" or "any single thing that [the district court judge] said." *Id.* at 14:28–37.

We have reviewed the record and cannot find a basis to support the court's refusal to award fees. Oplus argues fees are not warranted because Vizio did not promptly move for summary judgment. We see no unusual delay in this record. That Vizio did not move for summary judgment at the outset of litigation does not absolve counsel's uncontested litigation misconduct nor could it justify refusal to award fees after summary judgment was filed. In fact, Oplus admitted, it failed to address multiple noninfringement contentions in its summary judgment opposition. *Id.* at 27:58–30:54; *see also Fees Order* at 8 n.3 (noting that Oplus's opposition to summary judgment failed to even address several steps of the claimed method). Rather than stipulating to noninfringement, counsel forced the court to consider its opposition, which was predicated on the presentation of contradictory expert testimony. This conduct caused additional process and wasted party and judicial resources.

Oplus argues that fees are not warranted because the court noted that motion practice followed normal litigation practice. Whether or not this was similar to a normal

case in that there was discovery and dispositive motion practice does not mean that Vizio did not incur additional fees on account of counsel's misconduct. The discovery abuses, unprofessionalism, and changing litigation positions described by the court had to have increased expense and frustration for all concerned.

Oplus argues that fees are not warranted because the court found that Oplus's allegations against Vizio were not objectively baseless at filing. Oplus's reliance on this section of the court's decision is misplaced. The court was deciding whether it would "alternatively award attorney fees" because Vizio alleged that the case was brought in subjective bad faith and was objectively baseless, not whether the lack of objective baselessness weighed against awarding fees for litigation misconduct. *Fees Order* at 15.

Finally, Oplus argues that the court's decision to deny fees was not due to the court's professed aversion to awarding fees. J.A. 500 at 11:9–17; J.A. 505 at 16:12–15; and J.A. 518 at 29:19–22. In light of the detailed findings of misconduct in this case, the lack of basis for denying fees and the recent change in the law related to fees by the Supreme Court (which lowered the standard for assessing entitlement to fees), we vacate and remand for reconsideration.

CONCLUSION

Although the award of fees is clearly within the discretion of the district court, when, as here, a court finds litigation misconduct and that a case is exceptional, the court must articulate the reasons for its fee decision. In light of the court's fact findings regarding the extent of harassing, unprofessional, and vexatious litigation, the change in legal standard by the Supreme Court, and the lack of sufficient basis to deny fees under § 285, we vacate and remand for the district court to consider whether and the extent to which fees are warranted. Because the court

premised its decision regarding fees under § 1927 and its inherent power at least in part on its decision to deny fees under § 285, we vacate those rulings and remand for further proceedings.

**VACATED AND REMANDED**